LAKESIDE BUILDING & LOAN ASSOCIATION, Respondent, vs.
RANK and wife, Appellants.

*January 16—February 13, 1940.*

*Samuel Rothman* of Milwaukee, for the appellants.

For the respondent there was a brief by *Wallace Reiss,* attorney, and *H. K. Curtis* of counsel, both of Milwaukee, and oral argument by *Mr. Curtis.*

MARTIN, J.   On or about February 24, 1931, appellants made application to the respondent for a mortgage loan of $25,000, said loan to be secured by certain shares of stock to be issued by respondent to appellants in accordance with its by-laws, and by certain real estate then owned by appellants and located in Waukesha county.   It is alleged that appellants executed and delivered the $25,000 real-estate mortgage to respondent on the 24th day of February, 1931.   It is further alleged that appellants on February 26, 1931, by warranty deed conveyed the real estate covered by the mortgage to the defendant Wisconsin Memorial Park Company which assumed and agreed to pay the mortgage.   It is further alleged that under the terms of the loan agreement and the articles and by-laws of the respondent association, appellants were required to make monthly instalment payments of $250 per month upon the shares of stock issued to the appellants by the respondent association, also an interest payment at the rate of $150 per month, such payments of instalments upon the shares of stock and interest to continue until the maturity of the certificates of shares of stock upon which the loan was made.   The stock certificates issued to the appellants were assigned by them to respondent as security for the payment of the $25,000 loan which was further secured by the real-estate mortgage to which reference has been made.

The complaint contains the following allegations: "That on the 31st day of December, 1934, said loan was refinanced and the principal obligation thereof was the sum of seventeen thousand six hundred dollars ($17,600), and on said date by virtue of said refinancing, plaintiff issued its instal-

ment stock represented by certificate No. 1351 for one hundred seventy-six (176) shares of Class 'B' stock, and the monthly instalment was changed to the sum of eighty-eight dollars ($88) per month for dues, and ninety-six and 80/100 dollars ($96.80) per month for interest or a total monthly payment of one hundred eighty-four and 80/100 dollars ($184.80)." Then follows allegations that the defendants have failed to comply with the terms of their application, mortgage bond, and mortgage by omitting and neglecting to pay any of the respective payments on the shares of stock for the months commencing May 1, 1937, to date.

Appellants contend that the allegation with reference to the refinancing set out above does not specifically state that they were parties to said refinancing. It should be noted that there is no reference in the complaint that there was any new party or parties to the refinancing agreement. We think it must be assumed that the so-called refinancing agreement was made between the original parties at a time when the original obligation had been reduced from $25,000 to $17,600, and that the change in the stock certificates from Class "A" to Class "B" was for the purpose of reducing the required monthly payments from a total of $400 per month to $184.80 per month.

Appellants argue that since it is alleged in the complaint that they, on February 26, 1931, conveyed the real estate covered by the mortgage to the defendant Wisconsin Memorial Park Company, which company assumed and agreed to pay the mortgage indebtedness, that the latter company became the principal debtor on the note and mortgage in question and that appellants became sureties. Upon this theory, appellants made the further argument that since it is not specifically alleged in the complaint that the refinancing agreement of December 31, 1934, was made with them (the Ranks), it must be assumed that said refinancing agreement

was made between the respondent and the defendant Wisconsin Memorial Park Company, and that because of the change in the monthly payments, appellants were released from liability by reason of variance of the original contract and by an extension of the time granted for payment of the indebtedness.

The original bond and mortgage were not changed. The allegation as to the refinancing agreement implies mutuality between the original parties. It cannot be inferred from the allegation that the refinancing agreement was made' only with the Wisconsin Memorial Park Company.

"Matters which may be fairly inferred from the facts alleged may be regarded as sufficiently pleaded as against a demurrer. 13 C. J. p. 717, § 830." *Bitzke v. Folger,* 231 Wis. 513, 518, 286 N. W. 36.

"Criticisms of a pleading will not support a challenge for insufficiency to state a cause of action or defense, if sufficiency can be discovered reasonably by judicial construction of the language used and by reasonable inferences from general allegations. Such pleadings may be open to a challenge for uncertainty and indefiniteness, but not insufficiency." *Miles v. Mutual Reserve Fund Life Asso.* 108 Wis. 421, 427, 84 N. W. 159; *Emerson v. Nash,* 124 Wis. 369, 381, 102 N. W. 921.

At the proper time, appellants' remedy is by motion to make the complaint more definite and certain. In reference to the refinancing agreement, if it should appear that respondent made such agreement with the defendant Wisconsin Memorial Park Company without consent or approval of the appellants or their being in any way parties to such refinancing agreement, appellants will have an opportunity to litigate that issue upon the trial of the action. In view of the rule of liberal construction of pleadings, we must hold that the complaint herein states a cause of action against the appellants.

*By the Court.*—Order affirmed.